## ALLEN v. MICHAUD et al. *
### No. 4452.

Court of Appeal of Louisiana.
Second Circuit.
June 5, 1933.

J. W. Elder, of Ruston, for appellants.

Redmond & Thompson, of Monroe, for appellee.

DREW, Judge.

This is a companion suit to Lorena Norris v. S. E. Michaud et al., 148 So. 493, this day decided by this court, and, for the reasons assigned therein, the judgment of the lower court holding defendants liable for damages received by plaintiff is affirmed in all respects, except as to the amount of the award.

Miss Allen is a young woman twenty-three

years of age. She was knocked unconscious and remained in that condition until she arrived at the sanitarium, several miles away. One tooth was knocked completely out and another penetrated into the sinus or antrim. Her lip was cut, and required two stitches to be taken in it. One arm was cut and required seven stitches. Her leg was cut, and required four stitches to be taken in it. There was a discharge from the sinus which continued until the tooth was extracted, when it healed. Four of plaintiff's front teeth were loosened. She will yet have to have at least one of her front teeth extracted, which had abscessed at the time of trial. She spent $60 for doctor's bills, and has not had her teeth attended to, other than treatment. It is necessary that she have some bridgework done, which will be an additional expense. The teeth will have to be replaced. Plaintiff suffered extreme pain for several weeks until the tooth was extracted from the sinus. For ten days after the accident it was impossible for the dentist to examine her teeth, due to the condition of her mouth, being sore and lacerated.

A young woman who loses three or four teeth and has others damaged by being loosened is seriously damaged, and, in Miss Allen's case, it is shown there is still a slight scar near her lip and one on her arm that will remain through life. The lower court awarded her damages in the sum of $250, which is not more than sufficient to pay her doctor's and future dental bills to replace these teeth, not taking into account the pain and suffering she endured through no fault of her own. We think the judgment is inadequate, and that it should be increased to $1,-000.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by increasing the amount of the award in favor of plaintiff from $250 to $1,-000, and that it be further amended by substituting as parties defendant Clay W. Beckner and S. Sanford Levy, receivers, in the stead of and for the Union Indemnity Company; and, as amended, that the judgment of the lower court be affirmed.