## NORRIS v. MICHAUD et al.*
### No. 4450.

#### Court of Appeal of Louisiana. Second Circuit.
June 5, 1933.

Elder & Elder, of Ruston, for appellants.

Redmond & Thompson, of Monroe, for appellee.

DREW, Judge.

Miss Lorena Norris left her home near Duback, La., on the morning of July 11, 1931, driving a Chevrolet coupé owned by her father, Jim T. Norris, to go to Lake Providence and other points in East Carroll parish seeking a position as a school teacher. She carried with her as her guest Miss Ethel B. Allen, and near the village of Choudrant picked up a young man by the name of Frazier. After visiting the designated points in East Carroll parish, they were returning home, and, upon reaching the village of Choudrant, at a point near the center of said village, and about 30 feet from where the highway leading to Farmerville crosses the Dixie-Overland Highway, the car in which they were riding was run into by the car owned and driven by S. E. Michaud.

The Union Indemnity Company was the insurer of the Michaud car against such accidents and liability of the said Michaud.

The Norris car was greatly damaged in the collision, and the young women were both severely injured. Each of them filed suit to recover of Michaud and the Union Indemnity Company for personal injuries received, doctor's bills, loss of time, and for pain and suffering, and the owner of the car, Jim T. Norris, sued for damages to his car. Miss Norris prayed for damages in the sum of $3,030; Miss Allen, for damages in the sum of $3,410; and Jim T. Norris for damages to his car in the sum of $400. Each of the plaintiffs alleged that the accident and resulting damage were due solely to the carelessness and negligence of S. E. Michaud, in that he was driving at an excessive rate of speed and on the wrong side of the road.

Defendants, in joint answers to each suit, denied any negligence on the part of S. E. Michaud, and alleged that the proximate cause of the accident was the negligence of Miss Lorena Norris, in that she was driving on her wrong side of the road and that she attempted to cross from her right side of the road to the left side of the road, in order to enter a filling station, which necessitated defendant Michaud to turn to his left side of the road to avoid her, and that, as Michaud turned to his left in the emergency, Miss Norris changed her mind and attempted to cut back to her right side of the road, directly in front of defendant's car, at which time defendant Michaud attempted to cut back to his right side of the road where the collision occurred; that plaintiff's negligence caused defendant to be placed in a dangerous position; and that he used the best judgment possible under the circumstances.

In the alternative, defendants pleaded contributory negligence on the part of Miss Norris and on the part of her guest, Miss Allen, in not calling to Miss Norris' attention the danger confronting them.

For the purpose of trial only the cases were consolidated, and the lower court rendered judgment against the defendants in solido and in favor of Jim T. Norris for $350, with interest, for damage to his car; in favor of Miss Lorena Norris for $350, with legal interest, and in favor of Miss Allen for the sum of $250, with legal interest. From these judgments defendants have appealed, and

plaintiffs have answered the appeals, praying that the amount of each judgment be increased to the amount sued for.

Since the appeal was taken, the Union Indemnity Company has been placed in the hands of receivers, but, prior to trial here, it has come into this court under orders of the court, which placed it in the hands of receivers and prayed that the receivers be made parties defendant here, which prayer has been granted by this court.

■ The question of liability of defendants is purely a question of fact correctly determined in plaintiffs' favor by the lower court. It was not a case of defendant Michaud having to act in an emergency created by the negligence of plaintiff. If there was an emergency, it was created by the unjustified reasoning or assumption of Mr. Michaud that the driver of plaintiff's car was going to turn into a filling station on her left-hand side of the road, or by his negligence and carelessness in driving on his left side of the road and not paying the proper attention to what might be in front of him.

■ Plaintiff was traveling west on the Dixie-Overland Highway. Defendant Michaud was traveling east. Plaintiff's rate of speed was not less than 8 nor more than 15 miles per hour at the time of the accident, and defendant's rate of speed was not less than 30 nor more than 40 miles per hour. Plaintiff's car was a Chevrolet coupé and defendant's car was a seven-passenger Chrysler Imperial. The plaintiffs, Miss Norris and Miss Allen, are positive their car was at no time on the south side of the road, and we are sure they are honest in that belief. However, two disinterested witnesses say that at one time some distance east of the point of accident plaintiff's car was straddle of the black center line. The lower court found that at one time plaintiff's car was straddle of the middle black line. There is nothing unusual about this, for nearly all drivers when on a long trip, at times, straddle the center line, and can do so without being aware of it.

As soon as defendant's car came into sight, a distance of at least 300 or 400 feet from plaintiffs, plaintiffs immediately pulled to their right side of the road, and remained there until run into by defendant's car. To the contrary, defendant's car, soon after coming over the hill, at least 200 or 300 feet from the point of accident, began gradually to pull to its left side of the road, where it remained until within a few feet of plaintiff's car, when defendant attempted to cut to his right side of the road, without success.

From the testimony in the record, the most that can be said in favor of defendant's contention is that plaintiff's car, when at a distance of from 75 to 150 feet from defendant's car, was traveling in the center of the road with the left and right wheels an equal distance from the black center line, and, if this be true, it would not justify defendant in taking the left side of the road. He had as much room on the right side of the road as he did on the left and sufficient on either to have passed plaintiff's car without colliding with it.

The other contention made that plaintiff intended to turn into the filling station on the south side of the road is unfounded. Both young women testified that they intended to stop at the filling station on the north side of the road and to continue from there on north on the Farmerville road. They had given no sign of their intention to turn to the left, and the fact that their car was in the middle of the road did not justify defendant in thinking they were going to turn into the filling station on the south side. If defendant thought plaintiffs were going to turn into the filling station on the south side, ordinary precaution and care for the safety of those in his car, as well as others, would have required that he reduce his speed and bring his car under perfect control. He was attempting to pass to the left of an on-coming car, and, when he started to turn to the left side of the road, he was several hundred feet from the on-coming car, and had sufficient time to reduce his speed to a very slow rate or to stop, if necessary, and his failure to reduce his speed and to bring his car under complete control so that he might stop instantly, if necessary, was gross negligence. It was likewise gross negligence for defendant to travel on his left side of the road, and his negligence was the proximate cause of the accident.

It is not shown by the evidence that plaintiffs were negligent in any respect, and the plea of contributory negligence is without merit.

The contention that plaintiffs were coasting, thereby violating the laws of this state, we think, has not been proved, and, if it were, it did not in any way contribute to the accident.

At the time of the accident, plaintiffs were entirely on their right side of the road, and defendant was entirely on his left side of the road, and he was not justified in being there.

■ The plaintiff in this case, Miss Lorena Norris, is a young woman twenty-two years of age, engaged in the profession of school teaching. After the accident, she was carried to the sanitarium in Ruston, where she was given first aid and then carried to her home, where she immediately went to bed and was confined there for three weeks. Her knee was greatly swollen, and she had many flesh wounds on her body. She was very sore and could not bear to be touched for several days. She was forced to support her knee with pillows and to remain in one position

for three weeks. She suffered greatly. After plaintiff left her bed, she got around by the use of crutches for about five months, and then used a cane for three or four months more. At the time of the trial, she still complained of pain in her knee, and testified that she could not stand or walk for any great length of time, due to the fact that her knee would lock and give way, at which time it caused her pain. The doctor who treated Miss Norris up until about one month before trial testified that she had a fracture of the semilunar cartilage of the knee, and that he had referred her to Dr. Caldwell, a specialist, for further treatment.

The lower court awarded plaintiff damages in the sum of $30 for doctor's bills, and $500 for pain, suffering, and injury to the knee. We think the amount of the award insufficient, and that same should be increased by $500.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by increasing the amount of the judgment in favor of plaintiff from $530 to $1,030; and be further amended by substituting as parties defendant Clay W. Beckner and S. Sanford Levy, receivers of the Union Indemnity Company, in the stead and place of the Union Indemnity Company, and, as amended, that the judgment of the lower court be affirmed.